CLINTON R. JAMES, MARY E. JAMES and JOHN F. JAMES, as Executors and Executrix of the Last Will and Testament of JOHN F. JAMES, Deceased, Plaintiffs, *v.* PEPPARD REALTY CO., INC., ROBERT R. DANZILLO, MORRIS GOLD and DANN REALTY CORPORATION, Defendants.

(Supreme Court, Kings Special Term for Motions, December 1919.)

Foreclosure — mortgages — parties — who entitled to surplus moneys,

> Where the owner of the equity of redemption was not made a party to an action to foreclose a first mortgage, the judgment of foreclosure and sale is without jurisdiction as to it and the

purchaser at the sale acquires no title, and although the judgment is a complete adjudication against the holder of a second mortgage who was a party defendant to the action it does not affect her rights as against the interest of the owner of the equity of redemption but her mortgage continues as a lien on the property, and where in a second action to foreclose the first mortgage to which, although the owner of the equity of redemption and several of its creditors were made defendants, the second mortgagee was not, she is entitled to share in the surplus moneys prior to the owner of the equity of redemption and its creditors.

Action to foreclose a mortgage.

Erwin, Fried & Czaki, for plaintiff.

Gray & Tomlin, for plaintiff.

James N. Catlow, for Peppard Realty Co., Inc.

Lazansky, J.   A judgment of foreclosure and sale was entered to which the owner of the equity of redemption was not a party. The owner of a second mortgage was a party to the action. The plaintiff in the action purchased the property at the sale. Several years afterward, because of the omission in the first action, a second action to foreclose was begun in which the plaintiff in the first action was plaintiff and the owner of the equity of redemption and several of its judgment creditors were made parties. The second mortgagee was not made a party to this second suit. The complaint in the second suit, the one at bar, recites the proceedings in the first suit, the sale to the plaintiffs in that and this suit, and the entry into possession by the said plaintiffs and the continued possession up to the time of the commencement of the second suit, and the discovery of the fact that the owner of the equity of redemption, omitted from the first suit, had

become seized of the property by deed, recorded an hour before the filing of notice of pendency of the first action. On the sale in the second action there was a surplus. There is now a contention between the second mortgagee and the owner of the equity and his judgment creditors as to who is entitled thereto. The first judgment of foreclosure was without jurisdiction as to the owner of the equity of redemption which was not a party, and as to it, the purchaser at the sale acquired no title. In my opinion the first judgment of foreclosure and sale was a complete adjudication against the second mortgagee in favor of the plaintiff and purchaser in that action, but it did not affect her rights as against the interest of the owner of the equity. Despite that judgment, the second mortgage continued a lien on the property as against the owner of the equity of redemption. Surely the owner of the equity not being a party to the first suit will not be heard to say that the judgment is void as to it, yet the second mortgagee is barred from all interest in the property as against the owner of the equity. The second foreclosure suit did not affect the second mortgagee because its holder was not a party to the action. Since the owner of the second mortgage was barred in the first action as against the mortgagee and the purchaser and since in the second foreclosure the owner of the equity is foreclosed, the lien of the second mortgage, in so far as the real estate is concerned, falls as against the purchaser and as against him, the second mortgagee is forever barred. But it seems to me that when a surplus is realized the lien of the second mortgage which has not been adjudicated as against the owner of the equity in either action attaches to that surplus, which is the substitute of the interest of the owner of the equity of redemption. While the lien of the second mortgage has been foreclosed from the

property, it attaches to any interest in the real estate which belongs to the owner of the equity which in this instance is the surplus fund. I, therefore, conclude that the holder of the second mortgage is entitled to share in the surplus moneys prior to the owner of the equity and its judgment creditors. The report of the referee will, therefore, be set aside and an order entered in accordance with this decision.

Ordered accordingly.